# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Randall M. GILBERT Jr.,
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24347

## Docket No. 1263

## 16 August 2006

Special Court-Martial convened by Commanding Officer, Coast Guard Integrated Support Command Portsmouth. Tried at Norfolk, Virginia, on 28 November 2005.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCG |
| Defense Counsel: | LT Craig M. Warner, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Ronald B. Seely, USCG |

## BEFORE
## PANEL TEN
## BAUM, MCCLELLAND*, & FELICETTI
### Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of failing to go at the time prescribed to the appointed place of duty and one specification of absenting himself without authority and remaining absent from his unit, both in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of failing to obey a lawful order, in violation of Article 92, UCMJ; one specification of making a false official statement, in violation of Article 107, UCMJ; one specification of wrongfully using marijuana, in violation of Article 112a, UCMJ; and one

---

* Judge McClelland did not participate in this decision.

specification of breaking restriction, in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of $200 pay per month for five months, and reduction to E-1.

The Convening Authority approved only so much of the sentence as includes a bad-conduct discharge, confinement for four months, forfeiture of $200 pay per month for five months, and reduction to E-1, which was within the terms of the pretrial agreement. The Convening Authority disapproved confinement in excess of four months as credit for forty-five days restriction and forty-five days extra duties previously imposed as nonjudicial punishment. Additionally, the Convening Authority suspended confinement in excess of ninety days for six months pursuant to the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,

Jane R. Lim
Clerk of the Court